HOLLAND & KNIGHT LLP
Samuel J. Stone (SBN 317013)
400 S. Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile:  (213) 895.2450
Email:  sam.stone@hklaw.com

HOLLAND & KNIGHT LLP
Nipun J. Patel (*pro hac vice forthcoming*)
Justin M. Kadoura (*pro hac vice forthcoming*)
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone: 215.252.9527
Fax: 215.867.6070
Email: nipun.patel@hklaw.com
          justin.kadoura@hklaw.com

Attorneys for Defendants
Defendant WSP USA, INC., WSP USA BUILDINGS INC., and kW MISSION CRITICAL ENGINEERING, D.P.C.,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CG ENTERPRISES HOLDINGS, LLC, a California limited liability company; and STEPHEN M. COON, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>WSP USA, INC., a New York corporation; WSP USA BUILDINGS, INC., a New York corporation; kW MISSION CRITICAL ENGINEERING, D.P.C., a New York design professional corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>[Removed from Sonoma County Superior Court Case No.: 24CV00024]<br><br>**NOTICE OF REMOVAL**<br><br>Filed concurrently with:<br>- Civil Cover Sheet;<br>- Decl. of Kenneth Clausen;<br>- Decl. of Samuel J. Stone; and<br>- Certificate of Interested Parties<br><br>Action Filed:  January 2, 2024 |

1

NOTICE OF REMOVAL                                                Case No.:

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1332 and 1441 *et seq.*, Defendants WSP USA, INC. WSP USA BUILDINGS INC., and kW MISSION CRITICAL ENGINEERING, D.P.C., ("Defendants"), hereby removes this action from the Superior Court of California, County of Sonoma. In support of removal, Defendants state the following:[1]

## I. BACKGROUND

1. On January 2, 2024, Plaintiff Stephen M. Coon ("Coon") and the start-up company he owns, founded, and registered on November 29, 2023, CG Enterprises Holdings, LLC ("CGE" and with Coon, "Plaintiffs") commenced an action in the Superior Court of California, County of Sonoma, styled *GC Enterprise Holdings, LLC; and Stephen M. Coon v. WSP USA, INC., WSP USA BUILDINGS, INC., kW MISSION CRITICAL ENGINEERING, D.P.C., and DOES 1 through 20, inclusive,* Case No. 24CV00024. True and correct copies of all pleadings, process, orders, and any other documents on file with the State Court in this Action are attached to this Notice as Exhibit A.

2. Plaintiffs asserts claims for (1) Declaratory Relief; (2) Violation of California Business & Professions Code section 16600 *et seq.*; (3) Violation of California Business & Professions Code section 17200 et seq.; and (4) Injunctive Relief. *See generally* Ex. A, Complaint.

3. To date, Plaintiffs have not served Defendants with the Complaint. Declaration of Samuel J. Stone ("Stone Decl.") at ¶ 2, Ex. 1.

4. On January 16, 2024, Plaintiffs gave Defendants' counsel email notice of their intent to move *ex parte* for various relief. *See* Ex. A, Plaintiffs' January 16, 2024 Ex Parte Application For Temporary Restraining Order and Order to Show Cause re Preliminary Injunction Enjoining Defendants from Proceeding with Enforcement of Restrictive Covenants and Other Relief.

---

[1] Defendants respectfully reserve the right to submit additional evidence in support of its factual allegations in response to any challenge to removal in this matter. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014).

## II. JURISDICTION

5. This Court has original jurisdiction over this action under 28 U.S.C. §§1332(a), 1441, and 1446 because this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

## III. VENUE

6. In accordance with 28 U.S.C. §1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Sonoma is located within the Northern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

7. Pursuant to Local Rule 3-2(c) and (d), Intradistrict Assignment to the San Francisco Division of the United States District Court for the Northern District of California is proper because the state court action was originally filed in Sonoma County and Plaintiffs allege that Defendants conduct business in Sonoma County. *See* Ex. A, Compl. ¶17.

## IV. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. §1446

8. No more than 30 days have passed since Plaintiff served Defendants with the Complaint in this action. Stone Decl. ¶ 3. Therefore, Defendants' Notice of Removal is timely in accordance with 28 U.S.C. §1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by the defendant).

9. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court of California in the County of Sonoma and with the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiffs and the state court shall be filed promptly.

## V. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441.

10. Plaintiffs' claims as alleged in the Complaint are removable under 28 U.S.C. §1332(a) (diversity of citizenship).

11. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *Id.*

### A. The Parties Are Completely Diverse

12. Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

13. For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff Coon asserts in the Complaint that he "is, and at all times herein mentioned was, an individual residing in the State of Arizona." *See* Ex. A, Compl. at ¶ 7.

14. Pursuant to 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *See also Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

15. Plaintiff CGE is a California limited liability company "organized and existing under the laws of the State of California, with its primary place of business in Santa Rosa, California." Compl. ¶ 6.

16. Plaintiff Coon is CG's owner. *See* Declaration of Stephen M. Coon In Support Of Plaintiffs' Ex Parte Application ("Coon" Decl.) ¶ 1. CGE is a single-manager operated company. *See* Stone Decl. ¶ 4, Ex. 1 (CGE's November 29, 2023 Statement of Information on file with the California Secretary of State's Office).[2]

---

[2] Under FRE 201(b), a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Records and the contents of records maintained by the California Secretary of State's Office, and publicly available to anyone with an internet access (or through other means such as visiting the Secretary of State's office), are not subject to reasonable dispute and can be accurately and readily determined by reviewing the California Secretary of State's records.

17. On information and belief, CGE's sole member is Plaintiff Coon.

18. Defendant WSP USA, Inc. is a New York corporation with its principal place of business in New York. Compl. ¶ 8; *see also* Declaration of Kenneth Clausen ("Clausen Decl.") filed in Support of Defendants' Notice of Removal ¶ 2.

19. Defendant WSP USA Buildings, Inc., is a New York corporation with its principal place of business in New York. Compl. ¶ 11; Clausen Decl. ¶ 3.

20. Defendant kW Mission Critical Engineering, D.P.C., was a New York corporation with its principal place of business in New York until it was acquired by and merged into Defendant WSP USA Buildings Inc. Compl. ¶¶ 14, 21; Clausen Decl. ¶ 4.

21. All Defendants in this case are citizens of the State of New York. Plaintiff Coon is a citizen of the State of Arizona, and Plaintiff CGE appears to be a citizen of Arizona. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (LLC takes on the citizenship of its constituent members).

22. Accordingly, there is complete diversity pursuant to 28 U.S.C. §1332(a).

**B.     The Amount-In-Controversy Requirement Is Satisfied.**

23. "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence" *i.e.*, that it is more likely than not, that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. §1332(a). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if, after the notice of removal containing that plausible allegation is filed, plaintiff contests, or the court questions, defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

24. The amount in controversy may be determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not divest the court of jurisdiction). Potential defenses to all or part of a claim do not affect the amount in controversy. *See id*. at 295-

4

NOTICE OF REMOVAL                                                       Case No.:

296; *Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969) (that a statute of limitations defense might bar portion of relief sought did not affect amount in controversy).

25. Additionally, courts consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in addition to the removal pleadings. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

26. In determining whether the jurisdictional minimum is met, the Court should consider all amounts alleged, including future attorneys' fees where recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (A court must include future attorneys' fees recoverable by statute when assessing whether the amount-in-controversy requirement). Here, if Plaintiffs prevail on the crux of their allegations, the Business and Professions Code section 16600 *et seq.*, they "shall" be entitled to an award of reasonable attorney's fees and costs. *See* Cal. Bus. & Prof. Code § 16600.5(e).

27. Based on a fair reading of the Complaint, and without conceding that any of Plaintiffs' claims have any merit whatsoever, Plaintiffs seek in excess of $75,000, exclusive of interest and costs. Plaintiffs allege that Defendants "seek to restrict Plaintiff CG from hiring [Plaintiff Coon] and other persons by threatening to enforce certain noncompete clauses and other restrictive covenants that are unlawful under California's fundamental public policy in favor of open competition." Compl. ¶ 4. Plaintiff Coon further avers that Defendants' allegedly unlawful agreements prevent him from "accept[ing] a position in my career field without arguably violating one of the non-solicitation clauses," that he would face great difficulty finding a replacement position, and certainly not one making a similar amount, and that he would be "immediately and irreparably harmed." Coon Decl. ¶¶ 45-49. And Plaintiffs allege that "WSP seeks to prevent [Plaintiff Coon] from working on any mission critical engineering projects anywhere in the United States". *Id*. ¶ 16. To that end, Plaintiffs "seek damages and other monetary relief," Compl. ¶ 5, including but not limited to "actual damages, plus their attorneys' fees and costs of suit," *id*. ¶ 42,

various declaratory relief and a restraining order, and attorneys fees' pursuant to statute. Compl., Prayer for Relief ¶ 1-4.

28.     At the time of Plaintiff Coon's departure from WSP USA, Inc., he earned in excess of $200,000/year.  Coon Decl. Ex. G.  Plaintiff Coon was paid $475,000 under a Retention Bonus Agreement in connection with his sale of assets from the company he part-owned, kW Engineering, to WSP USA Buildings Inc..  Coon Decl. ¶ 17-18, 20; Coon Decl. Ex. F.

29.     **Lost Wages.**  Should he prevail, Plaintiff would potentially be entitled to, *inter alia*, lost wages he would have earned with a competitor. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Teutscher v. Woodson*, 835 F.3d 936, 945-46 (9th Cir. 2016) ("One key component of economic loss is the income that the employee would have earned" but for the unlawful action).  Plaintiff Coon flat-out declares that he "cannot accept a position in [his] career field" because of Defendants' allegedly unlawful agreements, and that if he were able to obtain some *other* employment, "it is highly unlikely [Plaintiff Coon] will be able to receive the amount of income [he] can earn in a field" where he has extensive experience.  Coon Decl. ¶¶ 45-47.  The allegedly unlawful one-year post employment restrictive covenant Plaintiffs put at-issue here directly implicate one year of Plaintiff Coon's earnings—at least $200,000.  Moreover, the Complaint does not allege that Plaintiff mitigated his damages, so the full amount of the back pay award in controversy must be included for purposes of calculating the amount of back wages.  *See Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, *3 (N.D. Cal. July 11, 2008).

30.     As of the time of Plaintiff Coon's separation from employment with WSP USA, Inc., he earned at least $3,846/week ($200,000 divided by 52 weeks).  There were 10 full weeks between November 3, 2023, Plaintiff Coon's resignation date, and the date of filing this Notice.  *See* Compl. ¶ 28. Conservatively, assuming for purposes of this Notice *only* that Plaintiff Coon was unlawfully precluded from gainful employment for 10 weeks, he would be entitled to an estimated $38,460 for this period in lost wages.

31. In addition to back wages, an award of just one year of future lost wages to Plaintiff would amount to at least $200,000 in additional recovery, for a total of approximately $238,460 in lost wages when future and back wage losses are combined. *See Traxler v. Multnomah County*, 596 F.3d 1007, 1014-15 (9th Cir. 2010) (upholding district court's decision to award nearly four years of front pay in a wrong termination suit); *see also Glenn-Davis v. City of Oakland*, 2008 WL 410239, *4 (N.D. Cal. Feb. 12, 2008) (finding three years of front pay "appropriate" in an employment suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiffs' claim for lost wages alone exceeds the $75,000 amount in controversy threshold.

32. **Injunctive/Declaratory Relief.** Because the initial pleading seeks non-monetary relief, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). Upon information and belief, the amount in controversy exceeds $75,000, particularly given that WSP paid Plaintiff Coon $475,000 for his Retention Bonus Agreement, which included, among other things, similar restrictive covenants as those at issue here. Moreover, where injunctive relief is sought in addition to compensatory damages, courts examine the potential cost of the injunctive relief to either party in determining whether the amount in controversy requirement is established. The Ninth Circuit has adopted the "either viewpoint rule," providing that "the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001), *citing Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action"). Simply, the amount in controversy requirement is satisfied if the potential cost of the matter to either party will exceed the statutory threshold.

33. Here, given the extensive allegations regarding Plaintiffs' allegedly precluded business and employment opportunities, it is plausible that the injunctive and declaratory relief sought is worth more than $75,000 both to Plaintiff Coon and to WSP.

34. **Attorneys' Fees.** Plaintiffs also claim statutory attorneys' fees. Compl., Prayer for Relief. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v.*

*JSS Scandinavia*, 142 F.3d at 1156. Business & Professions Code section 16600 *et seq.* authorize recovery of attorneys' fees in actions, such as this, to determine the validity of restrictive covenants. Attorneys' fees are likely to be significant in a matter like this, with competing litigation and extensive early motion practice. Anecdotally, a California federal district court recently approved an attorneys' fee award of over $500,000 in non-compete/forum selection litigation. *See DePuy Synthes Sales, Inc. v. Stryker Corp.*, No. EDCV181557FMOKKX, 2023 WL 6932584, at *1 (C.D. Cal. Sept. 6, 2023) (adopting Report and Recommendation). It is highly likely that potential attorneys' fees *alone* here exceed $75,000, particularly given early crucial motion practice. Thus, if Plaintiffs are successful on even one, some, or all of the claims asserted, their potential recovery will exceed the jurisdictional minimum of $75,000.

## VI.  CONCLUSION

1. Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. §§1332(a) and 1441(a). Plaintiffs and Defendants are not citizens of the same state. In addition, Plaintiffs' claims place more than $75,000 in controversy. Thus, removal to federal court is proper.

2. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully request that the Court issue an Order to Show Cause so that Defendants may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiffs to file a statement of damages.

3. By filing this Notice of Removal, Defendants do not waive, either expressly or impliedly, their respective rights to assert any defenses (including defenses to lack of personal jurisdiction and improper venue) they could have asserted in the Superior Court of California, County of Sonoma, or in the United States District Court for the Northern District of California, or their right to compel arbitration pursuant to relevant agreements with Plaintiff Coon. Defendants reserve the right to amend or supplement this Notice of Removal.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400  Fax: 213.896.2450

8

NOTICE OF REMOVAL                                       Case No.:

| | |
|---|---|
| Dated: January 17, 2024 | HOLLAND & KNIGHT LLP |
| | By: /s/ Samuel J. Stone |
| | Attorneys for Defendants<br>WSP USA, INC. WSP USA BUILDINGS INC., and kW MISSION CRITICAL ENGINEERING, D.P.C., |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400  Fax: 213.896.2450

9
NOTICE OF REMOVAL                                             Case No.: