# EXHIBIT A

1
2
3
4

HOLLAND & KNIGHT LLP
Samuel J. Stone (SBN 317013)
400 S. Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile:  (213) 895.2450
Email:  sam.stone@hklaw.com

5
6
7
8
9

HOLLAND & KNIGHT LLP
Nipun J. Patel (*pro hac vice*)
Justin M. Kadoura (*pro hac vice*)
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone: 215.252.9527
Fax: 215.867.6070
Email: nipun.patel@hklaw.com
            justin.kadoura@hklaw.com

10
11
12

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Tel.: 213.896.2400  Fax: 213.896.2450

| | |
|---|---|
| CG ENTERPRISES HOLDINGS, LLC, a California limited liability company; and STEPHEN M. COON, an individual;<br><br>                    Plaintiff,<br><br>            vs.<br><br>WSP USA, INC., a New York corporation; WSP USA BUILDINGS, INC., a New York corporation; kW MISSION CRITICAL ENGINEERING, D.P.C., a New York design professional corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.  3:24-cv-00292-VC<br><br>[Removed from Sonoma County Superior Court Case No.: 24CV00024]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2), (3), AND (6) OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO 9 U.S.C. § 3, OR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>[Fed. R. Civ. P. 12(b); Civ.L.R. 7]<br><br>Hearing Date:    March 8, 2024<br>Hearing Time:   10:00 a.m.<br>Location:        450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102 |

## TABLE OF CONTENTS

ii

**Page**

INTRODUCTION .................................................................................................................1

ARGUMENT.......................................................................................................................2

    I.      Plaintiffs Must Arbitrate Their Claims. ..........................................................2

    II.    The Court Should Dismiss for Lack of Personal Jurisdiction over WSP. ....................5

    III.   Venue Is Improper in This District..................................................................10

    IV.   Plaintiffs Fail to State a Claim for Relief .......................................................10

          A.     CGE Lacks Standing to Pursue Its § 16600 Claim.........................................10

          B.     New York Laws Governs This Dispute............................................................11

          C.     Plaintiffs' Claims Impermissibly Apply California Law Extraterritorially.....11

          D.     The Restrictive Covenants Do Not Violate § 16600. ....................................12

          E.     Plaintiffs Fails to State a § 17200 Claim. .......................................................13

    V.    The Court Should Transfer This Action to the Southern District of New York..........13

CONCLUSION....................................................................................................................15

         

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
    2010 WL 1050988 (S.D.N.Y. Mar. 23, 2010) .......................................................... 14

*Application Grp., Inc. v. Hunter Grp., Inc.*,
    61 Cal. App. 4th 881 (Cal. Ct. App. 1998) ............................................................ 10

*Bristrol-Myers Squibb Co. v. Super. Ct. of Cal.*,
    582 U.S. 255 (2017) ......................................................................................... 6

*Britvan v. Cantor Fitzgerald, L.P.*,
    2016 WL 3896821 (C.D. Cal. July 28, 2016) ......................................................... 3

*Build Grp., Inc. v. N.R. Windows, Inc.*,
    2022 WL 3697355 (C.D. Cal. Feb. 17, 2022) ......................................................... 4

*Cole v. Quest Diagnostics, Inc.*,
    2023 WL 6201702 (E.D. Cal. Sept. 22, 2023) ...................................................... 14

*Continental Appliances, Inc. v. Thomas*,
    2012 WL 3646887 (N.D. Cal. Aug. 23, 2012) ......................................................... 5

*Cordon v. Wachovia Mortg.*,
    776 F. Supp. 2d 1029 (N.D. Cal. 2011) ............................................................... 13

*Dexcom, Inc. v. Medtronic, Inc.*,
    2021 WL 5908930 (S.D. Cal. Dec. 14, 2021) ...................................................... 4, 5

*Doctor's Assocs. v. Stuart*,
    85 F.3d 975 (2d Cir. 1996) ............................................................................... 14

*Doe v. Spahn*,
    2021 WL 6052088 (N.D. Cal. Dec. 21, 2021) ...................................................... 14

*Fastpath, Inc. v. Arbela Techs. Corp.*,
    953 F. Supp. 2d 971 (S.D. Iowa 2013) .................................................................. 9

*Fillpoint, LLC v. Maas*,
    208 Cal. App. 4th 1170 (Cal. App. Ct. 2012) ....................................................... 13

*Finsa Portafolios, S.A. de C.V. v. OpenGate Capital, LLC*,
    2017 WL 6882888 (C.D. Cal. Sept. 26, 2017) ....................................................... 3

*Gurler v. Westpac Surgical, LLC*,
    2020 WL 10317436 (C.D. Cal. Dec. 11, 2020) .................................................... 4, 5

1

*Herbert v. Los Angeles Raiders, Ltd.*,
   23 Cal. App. 4th 414 (Cal. Ct. App. 1991)................................................................12

*Inmar Rx Solutions, Inc. v. Devos, Ltd.*,
   786 F. App'x 445 (5th Cir. 2019)..........................................................................6

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
   957 F.3d 1038 (9th Cir. 2020)...............................................................................2

*IPS Shared Tech. Servs., Inc. v. Overwatch Sys., Ltd.*,
   2014 WL 2110341 (N.D. Cal. May 20, 2014).......................................................5

*Lucas v. Hertz Corp.*,
   875 F. Supp. 2d 991 (N.D. Cal. 2012)...................................................................4

*Meyer v. Howmedica Osteonics Corp.*,
   2015 WL 728631 (S.D. Cal. Feb. 19, 2015)..........................................................4

*Miche Bag, LLC v. Cook*,
   2009 WL 1707949 (D. Utah June 17, 2009)..........................................................9

*Miller v. Head USA, Inc.*,
   2016 WL 10570274 (C.D. Cal. Dec. 16, 2016)..................................................6, 8

*Mitchell v. Berwyn Partners, Inc.*,
   2018 WL 3328220 (N.D. Cal. July 6, 2018)..........................................................9

*Nantes v. New London Cty. Mut. Ins.*,
   441 F. App'x 517 (9th Cir. 2011)..........................................................................5

*O'Keeffe's Inc. v. Access Information Technologies Inc.*,
   2015 WL 6089418 (N.D. Cal. Oct. 16, 2015)........................................................3

*Otay Land Co. v. Royal Indem. Co.*,
   169 Cal. App. 4th 556 (Cal. Ct. App. 2008).........................................................11

*Overton v. Vanzant*,
   2001 WL 1911359 (D. Or. Dec. 13, 2001)............................................................6

*Power Integrations, Inc. v. Penbrothers Int'l Inc.*,
   2019 WL 6117479 (N.D. Cal. Nov. 18, 2019)......................................................9

*Robeson v. Twin Rivers Unified Sch. Dist.*,
   2014 WL 1392922 (E.D. Cal. Apr. 9, 2014)..........................................................4

*Sam Francis Found. v. Christies, Inc.*,
   784 F.3d 1320 (9th Cir. 2015).............................................................................12

*Scherk v. Alberto-Culver Co.*,
   417 U.S. 506 (1974)..............................................................................................4

*Stryker Sales Corp. v. Zimmer Biomet, Inc.*,
    231 F. Supp. 3d 606 (E.D. Cal. 2017) ................................................................. 11

*TAAG Linhas Aeras de Angola v. Transamerica Airlines, Inc.*,
    915 F.2d 1351 (9th Cir. 1990) ............................................................................. 3

*Thermomagnetics & Cryogenics, Inc. v. Pittsburgh Universal, LLC*,
    2016 WL 11002591 (C.D. Cal. Dec. 19, 2016) ..................................................... 3

*Verdugo v. Alliantgroup, L.P.*,
    237 Cal. App. 4th 141 (Cal. Ct. App. 2015) ........................................................ 3

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................. 13, 14

REPLY ISO MOTION TO DISMISS, STAY OR
TRANSFER
Case No.: 3:24-cv-00292-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs' Response to WSP's Motion lays bare the now-undeniable fact that this case does not belong in this Court.  Coon does not deny that he contrived a connection to California and filed suit in a court without personal jurisdiction to avoid the mandatory arbitration clause in his Employment Agreement ("Agreement").  Plaintiffs relegate any discussion of these threshold and dispositive issues to the end of their brief—ignoring entire provisions of the Agreement by asserting vague and novel jurisdictional theories with no legal support—all in a futile attempt to remain in California.  This Court can and should reject each of Plaintiffs' arguments.  Coon is not allowed to haul his former New York employer into a California court in direct violation of the Agreement merely because he likes California law better, paid the $70 fee to register an LLC in California, and is thinking about moving here someday from his admitted home in Arizona.  Rather, Coon and CGE must submit their claims in arbitration.

Even if Plaintiffs could litigate in this Court, however, their claims fail on the merits.  Plaintiffs offer no support for their assertions that simply because Coon contrived a connection to California, California's interest in this litigation is impenetrable and justifies ignoring the Parties' agreed-to choice-of-law clause and the Dormant Commerce Clause; that CGE has standing under § 16600; or that Coon and CGE have lost money or property as required to state a § 17200 claim.  Moreover, Plaintiffs simply do not respond to WSP's arguments that § 16600 does not void the restrictive covenants in this case because, as Coon openly admitted, the covenants in question were executed in connection with a sale of Coon's interests in kW MCE to WSP.  Instead, Plaintiffs opt repeatedly to trumpet their *ipse dixit* assertion that § 16600 controls.

Lastly, Plaintiffs offer no rebuttal to Defendants' arguments to transfer other than incorrectly to assert—without a shred of legal support—that New York lacks jurisdiction over them and that WSP somehow "acknowledged" that the Southern District of New York is a less convenient forum than California.  Against this backdrop, and for the reasons set forth in WSP's Motion, the Court should either dismiss, stay, or transfer Plaintiffs' claims.

REPLY ISO MOTION TO DISMISS, STAY OR
TRANSFER

Case No.: 3:24-cv-00292-VC

1

**ARGUMENT**

2

**I.      Plaintiffs Must Arbitrate Their Claims.**

3       Plaintiffs do not dispute that their claims are arbitrable under the Agreement.  Instead,

4   burying their discussion of this dispositive issue near the end of their Brief, they argue that they can

5   avoid the arbitration clause because of the Agreement's narrow injunction language that gives either

6   party the option of seeking an injunction in a court of competent jurisdiction in limited

7   circumstances.  But Plaintiffs ignore the injunction clause's plain language.  Although the injunction

8   clause allows "either party" to file a court action for "specific performance and/or injunctive or

9   other relief," the filing party may do so only "***in order to enforce or prevent any violations of the***

10  ***provisions***" of the Agreement.  Plaintiffs concede that they are not asking this Court to enforce the

11  Agreement.  To the contrary, they argue that the Agreement is not enforceable.  Plaintiffs cannot

12  rest on an isolated and incorrect reading of the "either party" language to the exclusion of other

13  contract terms.  *See Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir.

14  2020) ("Individual clauses and particular words must be considered in connection with the rest of

15  the agreement, and all of the writing and every word of it will, if possible, be given effect.").

16  Accordingly, under the plain language of the Agreement, they are not permitted to ask a court for

17  their requested "injunction" (which, as mentioned during oral argument on Plaintiffs' Motion, is in

18  reality a request for a declaratory judgment on the validity of the Agreement).

19      Moreover, contrary to Plaintiffs' assertions, the plain language of the injunction clause is

20  not "inequitable. (Pls.' Opp. at 24.)  As an initial matter, the clause applies to both WSP and Coon:

21  If WSP were threatening to breach any provision of the Agreement, Coon could invoke the

22  injunction clause to prevent the breach.  The fact that, in the present circumstances, WSP can bring

23  an injunction action and Coon cannot is simply a consequence of Coon's decision to breach the

24  Agreement, not the result of any unfairness.  Additionally, WSP has sought injunctive relief in aid

25  of arbitration, unlike Coon, who seeks an "injunction" to avoid the contractually-mandated

26  arbitration altogether.  Nor will Plaintiffs suffer any hardship simply from their inability to seek the

27

28

REPLY ISO MOTION TO DISMISS, STAY OR          Case No.: 3:24-cv-00292-VC
TRANSFER

requested "injunction" on an emergency basis in this Court or invoke the AAA's emergency rules.[1] Plaintiffs' claims can be asserted as defenses to WSP's claims in the arbitration:  Before the arbitrator can rule against Coon on WSP's claims, the arbitrator will need to rule on any invalidity defense if and when asserted.  And, if Coon prevails on the merits in the arbitration, he can seek a court order to enforce the arbitrator's ruling regarding the contract's enforceability, if necessary. Similarly, in any court action seeking an injunction in aid of arbitration to enforce the Agreement, the court would need to address WSP's likelihood of success on the merits, which in turn will require it to address Coon's defenses to enforceability.  Accordingly, there is nothing "inequitable" about interpreting the Agreement as written.

In their Reply in support of their Motion for Preliminary Injunction, Plaintiffs rely on California state court cases to argue that the arbitration clause is unenforceable.  (Pls.' Reply at 5 (citing *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141 (Cal. Ct. App. 2015)).)  But "[f]ederal law governs the validity of a forum selection clause." *TAAG Linhas Aeras de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990); *accord Finsa Portafolios, S.A. de C.V. v. OpenGate Capital, LLC*, 2017 WL 6882888, at *5 (C.D. Cal. Sept. 26, 2017) ("Arbitration clauses and forum selection clauses are subject to the same analysis."); *see also O'Keeffe's Inc. v. Access Information Technologies Inc.*, 2015 WL 6089418, at *4 n. 2 (N.D. Cal. Oct. 16, 2015) (declining to apply *Verdugo*).  Federal courts in California routinely enforce forum selection clauses over plaintiffs' objections that the transferee venue might not apply § 16600.  *See, e.g.*, *Thermomagnetics & Cryogenics, Inc. v. Pittsburgh Universal, LLC*, 2016 WL 11002591, at *4 (C.D. Cal. Dec. 19, 2016) (holding that forum-selection clause was enforceable in § 16600 action); *Britvan v. Cantor Fitzgerald, L.P.*, 2016 WL 3896821, at *3 (C.D. Cal. July 28, 2016) (rejecting

---

[1]     Notably, in the arbitration, WSP argued that it would be inefficient to require WSP to go to a court to seek an injunction in aid of arbitration and that the language of the Agreement supported the use of AAA's emergency rules.  Coon, however, insisted that the Agreement be read narrowly to exclude the requested injunctive relief.  He now is attempting to flip that argument on its head, arguing that a plain-language reading of the Agreement is inequitable because of the consequences of his own arguments in the arbitration.  The Court should reject that gamesmanship.

REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER                           Case No.: 3:24-cv-00292-VC

plaintiffs' argument "that the arbitration forum selection clause is invalid because it violates California's public policy against covenants not to compete").  This Court should do the same.

Finally, the arbitration provision applies to both Coon **and CGE**.  "An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause."  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974).  "[C]losely related parties may be bound by a forum-selection clause even though they were not signatories to the contract containing the clause."  *Dexcom, Inc. v. Medtronic, Inc.*, 2021 WL 5908930, at *5 (S.D. Cal. Dec. 14, 2021); *see also Lucas v. Hertz Corp.*, 875 F. Supp. 2d 991, 1002–03 (N.D. Cal. 2012) (explaining that arbitration clauses apply to nonsignatories where "each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement").  Consequently, courts in the Ninth Circuit routinely hold that new employers are bound by forum-selection clauses in the employee's prior employment agreement.  *See Build Grp., Inc. v. N.R. Windows, Inc.*, 2022 WL 3697355, at *4 (C.D. Cal. Feb. 17, 2022) ("Courts have found that '[e]mployers in [Plaintiffs'] position are sufficiently related to be bound by such clauses.'" (alterations in original) (collecting cases)); *Dexcom, Inc.*, 2021 WL 5908930, at *5; *Meyer v. Howmedica Osteonics Corp.*, 2015 WL 728631, at *13 (S.D. Cal. Feb. 19, 2015); *Robeson v. Twin Rivers Unified Sch. Dist.*, 2014 WL 1392922, at *4 (E.D. Cal. Apr. 9, 2014).  Indeed, a contrary rule would allow employees to avoid their contractual obligations by simply creating a shell entity to file a declaratory judgment action on their behalf, as Coon has done here.

Courts have also held that non-signatories can be bound by an arbitration clause based on equitable principles.  In *Gurler v. Westpac Surgical, LLC*, 2020 WL 10317436 (C.D. Cal. Dec. 11, 2020), the plaintiff's company, Cal Surgical, entered a marketing agreement with the defendant that included restrictive covenants and an arbitration clause.  After the defendant terminated the agreement, the plaintiffs began competing against it in violation of the restrictive covenants. "Anticipating legal action from Defendant based on the 'non-compete and non-solicitation provisions in the Agreement,' Gurler and Cal Surgical brought" an action seeking a declaration that the restrictive covenants were invalid under § 16600 or were released when the defendant

REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER                     Case No.: 3:24-cv-00292-VC

terminated the agreement.  *Gurler*, 2020 WL 10317436, at *1.  The court held that Gurler was bound by the arbitration clause under equitable principles, even though he was not a party to the agreement, because "Gurler has fully inserted himself into this litigation over the Agreement—and has done so in a way that has the potential to cause substantial prejudice to Defendant, to undermine the purpose of the FAA, and to produce inconsistent results." *Id.*  The same is true here:  Compelling Coon to arbitrate while CGE litigates its claims here would undermine the FAA and create a risk of inconsistent results if this Court and the arbitrator disagree about the validity of Coon's restrictive covenants.

In sum, CGE "cannot avoid the enforcement of a forum-selection clause in the same contract it asks the court to interpret." *Dexcom, Inc.*, 2021 WL 5908930, at *5.  Because Plaintiffs' claims are arbitrable and the injunction clause does not apply, the FAA requires this Court either to stay or dismiss this action in favor of the pending arbitration.

## II.   The Court Should Dismiss for Lack of Personal Jurisdiction over WSP.

Plaintiffs do not dispute that the only connection between this action and California—the formation of CGE under California law—was contrived by Coon for the sole purpose of taking advantage of California law.  As a matter of law, however, neither Coon's unilateral actions nor CGE's residency in California can establish jurisdiction in California.  *See Nantes v. New London Cty. Mut. Ins.*, 441 F. App'x 517, 518–19 (9th Cir. 2011) (finding no jurisdiction where "NLC's purported contacts with California were directly attributable to Petitioners' unilateral decisions to move back to the state"); *IPS Shared Tech. Servs., Inc. v. Overwatch Sys., Ltd.*, 2014 WL 2110341, at *3 (N.D. Cal. May 20, 2014) ("[C]ourts have repeatedly held that the unilateral activity of a plaintiff cannot confer jurisdiction."); *Continental Appliances, Inc. v. Thomas*, 2012 WL 3646887, at *5 (N.D. Cal. Aug. 23, 2012) ("[T]he plaintiff's residence [in the forum] alone is not enough . . . .").[2]   Rather, Plaintiffs must show that WSP "perform[ed] some act or consummate[d] some

---

[2]      Similarly, Coon's alleged decision to move to California cannot establish jurisdiction either. Not only is this another unilateral action by Coon, it also occurred after the filing of the Complaint and therefore cannot be used to establish jurisdiction.  *See Nantes*, 441 F. App'x at 519 (domicile is determined as of the date of filing).

REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER                    Case No.: 3:24-cv-00292-VC

transaction within the forum by which it 'purposefully avail[ed]' itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum." *Overton v. Vanzant*, 2001 WL 1911359, at *4 (D. Or. Dec. 13, 2001). Plaintiffs' also must show that the conduct that satisfies the purposeful availment or direction tests is the conduct that underlies their claims. *Id.*

Plaintiffs incorrectly argue that WSP purposefully availed itself to jurisdiction in California by "doing business in California, entering into Restrictive Covenants that purport to prevent [Coon] from doing business within or from California, and seeking to enforce those Restrictive Covenants." (Pls.' Opp. at 17.) They further argue that WSP's business in California is the conduct underlying their claims. Plaintiffs have not cited a single case to support this novel theory of jurisdiction. Nor could they. *See Inmar Rx Solutions, Inc. v. Devos, Ltd.*, 786 F. App'x 445 (5th Cir. 2019) (dismissing employee's challenge to noncompete for lack of personal jurisdiction in Texas even though employee's new business was incorporated there and the defendants sent cease-and-desist letters to the new employer there).

The fact that WSP has offices, employees, and clients in California "is not enough to support the demand that [WSP] be amenable to suits unrelated to that activity." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 264 (2017). First, WSP's business in California is not the basis of Plaintiffs' claims. Plaintiffs' claims arise out of the signing (and potentially the attempted enforcement) of the Agreement, which is what § 16600 purportedly prohibits. *See Miller v. Head USA, Inc.*, 2016 WL 10570274, at *4 (C.D. Cal. Dec. 16, 2016). None of that conduct occurred in California. The Agreement itself was between Coon, an Arizona resident, and kW MCE, a New York resident, and was not signed in California. The Agreement does not reference California. Plaintiffs concede that the restrictive covenants "do not contain a specific geographic restriction, but are instead geographically restricted based on the location of" a specific subset of WSP's clients, prospective clients, and employees. (Decl. of S. Coon ¶ 27, Doc. No. 34-1.) Moreover, Coon is the sole defendant in the New York arbitration and injunction action, and WSP did not even know

REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER                    Case No.: 3:24-cv-00292-VC

that CGE existed (let alone resided in California) until after this action and the arbitration were filed on the same day.[3]  For these reasons alone, the Court lacks jurisdiction over WSP.

Second, even assuming *arguendo* WSP's California business could theoretically be the conduct underlying Plaintiffs' claims, Plaintiffs have not shown that it in fact does underly their claims.  Although the restrictive covenants can apply to certain WSP clients and employees located in California, Plaintiffs conspicuously avoid asserting that WSP's conduct is actually preventing them from soliciting any client or employee in California.  Despite alleging that WSP has clients and employees here, Plaintiffs do not allege that they have actually started working in California, or that they have any reasonable prospect of competing for WSP's California clients or employees, or even that they intend to do so.  Instead, they vaguely assert that they will work "within ***or from*** California."  (Pls.' Opp. at 2, 7, 8, 11, 13–15, 17–24 (emphasis added).).  Today, a lot of work can be done remotely "from" California for non-California clients.  Indeed, WSP has reason to believe that Coon is in fact soliciting WSP clients who are not located in California, and WSP knows that Coon has solicited employees who were based in its office located in the Northern District of New York.  Moreover, Plaintiffs' assertion that if Coon bids for or accepts any job in California, he will necessarily be violating the restrictive covenants, is simply untrue.  Plaintiffs misrepresented to the Court the pool of clients to whom the restrictive covenants apply.  The noncompete provisions apply only to clients and prospective clients to whom Coon had specifically-defined types of exposure while at kW MCE.  Consequently, the client pool for which Coon is prevented from competing is effectively some subset of clients and prospective clients of kW MCE, which is much smaller than the combined WSP business, and has very little presence in California.  Thus, not every California client is covered by the restrictive covenants, and Plaintiffs do not allege that they intend to compete for any California clients, let alone California clients covered by the restrictive covenants.

But even if Plaintiffs identified a WSP client or employee located in California for whom they intend to compete, and even if that client or employee also is covered by the restrictive

---

[3]     WSP was unaware that Coon had filed the California action when WSP commenced arbitration the same day.

REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER                    Case No.: 3:24-cv-00292-VC

covenants, WSP's business with that client/employee still would not underly Plaintiffs' claims. Plaintiffs do not allege that the restrictive covenants are void because they would prevent Coon from competing specifically for California clients and employees. To the contrary, Plaintiffs seek to invalidate the restrictive covenants *in their entirety*, including as to non-California clients and employees, again stating that they intend to work "within *or from* California" and repeatedly asserting that § 16600 applies because CGE is a (allegedly) a California employer—not because they intend to compete for clients located in California.[4] Similarly, WSP is seeking to prevent Coon from competing for the clients and employees who fall within the categories described in the Agreement *regardless of where they are located*. WSP has not targeted or even mentioned California clients or employees in the arbitration. "To put it another way, there is no reason to think that had Defendant not been [doing business] in California, the parties would not have entered into the" restrictive covenants, that WSP would not have sought to enforce the restrictive covenants in exactly the same way that it has, or that Plaintiffs would not have filed this action. *Miller*, 2016 WL 10570274, at *4. Accordingly, Plaintiffs have not shown that their claims arise out of WSP's business in California.

Plaintiffs also argue that if WSP prevails in the arbitration, it will need to file an action in California to enforce the award against CGE, thus purposefully availing itself of California law. Plaintiffs are incorrect. First, WSP has not yet sought to enforce anything. Plaintiffs cannot base jurisdiction on what WSP might do in the future. Second, the Agreement explicitly provides that any action to enforce an arbitration award must be brought in New York. Again, CGE is bound by the Agreement's forum selection clauses in actions relating to the restrictive covenants. WSP thus will not have to file anything in California to enforce the award. Third, even if CGE were not bound by the forum selection clauses, WSP likely will not need to enforce any arbitration award against CGE anyway because WSP intends to enforce the arbitration award against Coon alone in New York.

---

[4] (*See* Pls.' Mot. for TRO at 13, Doc. No. 6 (asserting that Coon has a "right to be employed by *any California employer* that is interested in hiring Steve" (emphasis added)); Pls.' Reply at 2, Doc. No. 35 (asserting that the restrictive covenants "*facially* violate" § 16600).)

8

REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER                      Case No.: 3:24-cv-00292-VC

In sum, Plaintiffs have not shown that WSP purposefully availed itself of the benefits or protections of California through the conduct underlying their claims.  Instead, they impermissibly rely on their own unilateral actions and fail to present facts supporting their own legally deficient jurisdictional argument.

Finally, Plaintiffs alternatively rely on inapposite cases that predate the Supreme Court's numerous, recent personal jurisdiction decisions, including *Daimler*, for the general proposition that personal jurisdiction can be based on out-of-forum conduct that is "purposefully directed toward forum residents."  (Pls.' Opp. at 16 (quoting *Hirsch f. Blue Cross Blue Shield of Kansas City*, 800 F.2d 1474 (9th Cir. 1986)).)  But Plaintiffs have not satisfied the purposeful-direction test either.  Courts in the Ninth Circuit have held that the purposeful-direction test is satisfied only if the defendant "committed an intentional action expressly aimed at the forum state, knowing that the brunt of the expected injury would be felt by the plaintiff in the forum state."  *Power Integrations, Inc. v. Penbrothers Int'l Inc.*, 2019 WL 6117479, at *3 (N.D. Cal. Nov. 18, 2019).  Mere knowledge that a plaintiff resides in the forum and may be effected is not enough.  *See Mitchell v. Berwyn Partners, Inc.*, 2018 WL 3328220, at *6–7 (N.D. Cal. July 6, 2018).

Here, Plaintiffs have not shown that the alleged out-of-forum conduct underlying Plaintiffs' claims—entering and attempting to enforce the Agreement—was expressly aimed at California or that WSP knew that the brunt of that conduct would be felt in California.  As explained above, the Agreement itself had nothing to do with California at the time it was signed, WSP did not even know that CGE existed (let alone resided in California) until after this action and the arbitration were filed, and WSP's arbitration action is not specifically targeting California clients and employees.  *Cf. Fastpath, Inc. v. Arbela Techs. Corp.*, 953 F. Supp. 2d 971, 977 (S.D. Iowa 2013) (finding no jurisdiction for breach of restrictive covenants that "is not geographically limited to Iowa, but, rather, calls for a world-wide prohibition on the developing, marketing, sale, and licensing of products that are competitive with those developed, marketed, sold, or licensed by the other party to the Agreement"); *Miche Bag, LLC v. Cook*, 2009 WL 1707949, at *3 (D. Utah June 17, 2009) ("Although Ms. Cook may have known her conduct would be felt in Utah, those effects

1   were 'no more than foreseeable side-effects.'").   WSP did not know at the time it filed the

2   arbitration—and in fact still does not know—whether Coon specifically intends to target WSP's

3   California clients or employees who are covered by the criteria set out in the Agreement.   If

4   Plaintiffs choose to pursue WSP's California clients and employees, that is Plaintiffs' own unilateral

5   action that cannot affect the purposeful-direction analysis.   Accordingly, none of WSP's out-of-

6   forum conduct was expressly aimed at California, and WSP had no reason to think that its effects

7   would especially be felt here.

8       Because Plaintiffs have not established this Court's jurisdiction over WSP through

9   purposeful availment or direction, their claims should be dismissed for this independent reason.

10  **III.     Venue Is Improper in This District.**

11      For the same reasons that this Court lacks jurisdiction, venue is also improper.   Contrary to

12  Plaintiffs' assertions, the events underlying this action did not occur here.   Again, the contract was

13  formed in New York and (potentially) Arizona.   The arbitration and preliminary injunction action

14  are in New York.   And, assuming, *arguendo*, that WSP's business in this District are the conduct

15  underlying Plaintiffs' claims (they are not), Plaintiffs have not alleged that there are any WSP clients

16  or employees, let alone clients or employees in this District, that Plaintiffs intend to compete for or

17  solicit but cannot because they are covered by the restrictive covenants.   Accordingly, to the extent

18  the Court does not dismiss in favor of arbitration or for lack of personal jurisdiction, venue is

19  improper and this action should be dismissed or transferred to the Southern District of New York.

20  **IV.     Plaintiffs Fail to State a Claim for Relief**

21      **A.     CGE Lacks Standing to Pursue Its § 16600 Claim.**

22      Section 16600 specifically creates a cause of action and specifically enumerates who may

23  bring that cause of action.   Employers are not on the list.   Plaintiffs have not cited a single case

24  where a court found that employers have standing to bring § 16600 claims.   In the only case they

25  do cite, the former employer "d[id] not appear to challenge [the new employer's] standing."

26  *Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 893 (Cal. Ct. App. 1998).

27  Moreover, that court cited § 1060—which allows a "person interested under a . . . contract" to seek

28

1  declaratory relief as to their "legal rights and duties"—as the presumed basis for standing, even

2  though courts have held that third parties lack standing under § 1060 where their right to relief is

3  dependent on the result of existing litigation between the contracting parties. *See Otay Land Co. v.*

4  *Royal Indem. Co.*, 169 Cal. App. 4th 556, 566 (Cal. Ct. App. 2008). Here, CGE's ability to hire

5  Coon to work on projects that compete with WSP is dependent on the outcome of the arbitration

6  between WSP and Coon. CGE thus lacks standing.

7        **B.**    **New York Laws Governs This Dispute.**

8        Just as the Agreement unambiguously requires Plaintiffs to arbitrate their claims in New

9  York, it also unambiguously provides that New York law governs their claims. Contrary to

10  Plaintiffs' assertions, New York has a much stronger interest in this case for all the reasons set out

11  in WSP's Motion. Plaintiffs' reliance on *Stryker Sales Corp. v. Zimmer Biomet, Inc.*, 231 F. Supp.

12  3d 606 (E.D. Cal. 2017), is misplaced. In that case, a former employer sued its former employee,

13  who had ***specifically worked*** in "a geographic area within the Central Valley of ***California***" and

14  left to work for an ***existing*** competitor that did business in California, alleging violations of

15  restrictive covenants and tortious interference with its California clients. Here, by contrast, Coon

16  was not assigned to work exclusively with WSP's California clients and has manufactured a

17  "California-based" competitor for the sole purpose of escaping his contractual obligations.

18        Plaintiffs' reliance on the Northern District of New York's decision to dismiss WSP's action

19  for a preliminary injunction in aid of arbitration is also misplaced. WSP respectfully submits that

20  the New York district court erred in both holding that the first-filed rule applied (given Plaintiffs'

21  forum shopping, among other reasons) and that personal jurisdiction was lacking in New York. *See*

22  Part V, *infra*. But in any event, the New York district court did not address whether New York had

23  any interest in the action or the application of its law to these claims. Indeed, regardless of how

24  that court ruled, the New York arbitration would continue under New York law.

25        Because New York law governs this dispute, and Plaintiffs have not shown that the

26  restrictive covenants are unenforceable under New York law, Plaintiffs' claims must be dismissed.

27        **C.**    **Plaintiffs' Claims Impermissibly Apply California Law Extraterritorially.**

28

1   Contrary to Plaintiffs' assertions, the Dormant Commerce Clause prohibits more than just

2   economic protectionism by states.  As explained in WSP's Motion, the Dormant Commerce Clause

3   also "precludes the application of a state statute to commerce that takes place wholly outside of the

4   State's borders, whether or not the commerce has effects within the State."  *Sam Francis Found. v.*

5   *Christies, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015).  Plaintiffs do not dispute that § 16600, on its

6   face and as applied to this case, does exactly that:  It regulates a contract that was negotiated, signed,

7   and performed entirely outside of California by parties who are not California residents.  For that

8   reason alone, Plaintiffs' claims should be dismissed.

9   Section 16600 separately violates the Dormant Commerce Clause because it requires out-

10   of-forum companies "to comply with the strictest standard of several states in order to continue an

11   interstate business extending over many states."  *Herbert v. Los Angeles Raiders, Ltd.*, 23 Cal. App.

12   4th 414, 422 (Cal. Ct. App. 1991).  Plaintiffs argue that *Herbert* does not apply because it concerned

13   professional football.  That is a distinction without a difference.  In *Herbert*, the court found that §

14   16600's application to restrictions on a plaintiff's ability to obtain employment imposed by an out-

15   of-state business violated the Dormant Commerce Clause.  This Court should do the same.

16   Although Plaintiffs argue that § 16600 applies only when "California has the greater interest

17   in the" action, under Plaintiffs' choice-of-law analysis, California would have the greater interest

18   in virtually every case.  Moreover, Plaintiffs' suggestion that WSP can avoid § 16600 by creating a

19   carveout from its restrictive covenants that allows former employees to compete "within or from

20   California" does not save their claims.  First, Coon is not competing "from" California right now

21   and does not intend to compete only "within" California—He is still in Arizona and he has solicited

22   employees based out of Troy, New York.  Second, such a carveout would swallow the entire

23   noncompete and nonsolicitation clauses if it would allow (as Plaintiffs claim) the employee to

24   compete for non-California clients and employees by merely forming a California shell company

25   (particularly if the employee, like Coon, is still living outside of California).

26   As Plaintiffs' claims violate the Dormant Commerce Clause, they should be dismissed.

27   **D.    The Restrictive Covenants Do Not Violate § 16600.**

28

Plaintiffs do not respond to WSP's argument that §16600 does not apply to the provisions in Coon's Agreement prohibiting him from using or disclosing WSP's confidential information and trade secrets, or to the provision prohibiting Coon from soliciting WSP's employees. (Mot. at 17.) Accordingly, to the extent Plaintiffs' claims are based on those provisions, they must be dismissed.

The noncompete and client-nonsolicitation provisions also do not violate § 16600 because the Agreement was signed in connection with the sale of kW MCE.  In response, Plaintiffs rely on *Fillpoint, LLC v. Maas*, 208 Cal. App. 4th 1170 (Cal. App. Ct. 2012).  Plaintiffs do not, however, respond to the numerous reasons set out in WSP's Motion explaining why that case does not apply here.  WSP stands by those arguments, particularly in view of Coon's open admission that the Agreement was executed "as part of the merger" in which he sold his interest in kW MCE to WSP. (Decl. of S. Coon ¶ 23, Doc. No. 1-1 at 40.)

Because Plaintiffs' have not shown that the restrictive covenants violate § 16600, their claims should be dismissed.

**E.      Plaintiffs Fails to State a § 17200 Claim.**

Plaintiffs argue that "[d]iversion of personnel and other resources to respond to an attempt to enforce a non-compete constitute an economic injury under § 17200."  (Pls.' Opp. at 13.)  But Plaintiffs do not allege in their Complaint that they have had to divert resources to respond to the arbitration.  In fact, CGE has not had to respond to anything because it is not a defendant in any of these cases.  Moreover, the cost of bringing suit, by itself, is insufficient to satisfy § 17200.  *See Cordon v. Wachovia Mortg.*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011) ("Under Plaintiff's reasoning, a private plaintiff bringing a UCL claim automatically would have standing merely by filing suit.").  Because Plaintiffs have not alleged a loss of money or property, they fail to state a § 17200 claim.

**V.      The Court Should Transfer This Action to the Southern District of New York.**

Plaintiffs do not even attempt to rebut WSP's multiple arguments for why a transfer would be appropriate under the multi-factor test used to analyze transfer motions brought under 28 U.S.C. § 1404(a).  Instead, Plaintiffs incorrectly assert that WSP somehow conceded that the Southern

District of New York "is not an ideal forum" by seeking a preliminary injunction in the Northern District of New York, and continue to lean on their contrived and artificial connection to California and § 16600.  (Pls.' Opp. at 18.)  The Northern District of New York is where kW MCE and the emergency arbitrator in place at the time are located.  WSP's decision to file their does not imply that the Southern District inconvenient, and certainly not less convenient ***than California***, both for WSP, the courts, and the witnesses who will already have to testify in the New York arbitration.  Moreover, as explained above, New York has a greater interest than California in this litigation, and Plaintiffs' failure to address the remaining convenience factors should be deemed an admission that they favor transfer to the Southern District of New York.  *See Cole v. Quest Diagnostics, Inc.*, 2023 WL 6201702, at *4 (E.D. Cal. Sept. 22, 2023) (granting motion to transfer where plaintiff failed to address public interest factors).

The only other argument Plaintiffs assert against transfer is that New York lacks jurisdiction over them.  As an initial matter, "[t]he transferee court need not have personal jurisdiction over Plaintiff[s] in order for transfer to be granted under 28 U.S.C. § 1404(a) because the requirement of personal jurisdiction 'does not protect the right of a plaintiff to bring suit in a forum that is convenient for him.'"  *Doe v. Spahn*, 2021 WL 6052088, at *6 (N.D. Cal. Dec. 21, 2021).  Accordingly, the Court should disregard Plaintiffs' argument.

In any event, New York does have personal jurisdiction over Plaintiffs.  Coon consented to New York's jurisdiction as to his claims (1) when he signed an employment agreement with a New York employer that allows (and in most cases, including this one, requires) arbitration of claims relating to the Agreement in New York under New York law and requires enforcement of any arbitration award in New York courts; and (2) by participating in the New York arbitration.  *See Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("'A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.'"); *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 2010 WL 1050988, at *4 (S.D.N.Y. Mar. 23, 2010) (New York arbitration clause gave court personal jurisdiction over defendant to issue injunctions in aid of arbitration).  As explained above, those clauses of the

Agreement also apply to CGE.  Similarly, Coon also purposefully availed himself to jurisdiction in New York because the long-term contract underlying Coon's claims is with a New York business and contemplates substantial performance in New York, including Coon having continuous telephonic and email contact with employees in kW MCE's Troy office, Coon visiting to that office, and the arbitration and enforcement of any disputes about the employment relationship.

Accordingly, if this Court does not dismiss or stay this action, it should transfer it to the Southern District of New York.

<u>**CONCLUSION**</u>

For the forgoing reasons, this Court should dismiss this case.  Alternatively, the Court should stay the case pending resolution of the ongoing arbitration in New York, or transfer the case to the Southern District of New York.

Dated: February 23, 2024                       HOLLAND & KNIGHT LLP


                                                         By:  /s/ *Samuel J. Stone*

                                                         Attorney for Defendants

                                                         WSP USA, INC., WSP USA BUILDINGS INC., and
                                                         kW MISSION CRITICAL ENGINEERING, D.P.C.

REPLY ISO MOTION TO DISMISS, STAY OR           Case No.: 3:24-cv-00292-VC
TRANSFER

## **CERTIFICATE OF SERVICE**

I, Sam Stone, hereby certify that on February 23, 2024, I caused the foregoing Reply in Support of WSP's Motion to Dismiss to be served on all Parties in this action by filing it on this Court's CM/ECF system.

*/s/ Sam Stone*
Sam Stone