UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CG ENTERPRISES HOLDINGS, LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WSP USA, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-00292-VC<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER AND GRANTING MOTION TO STAY CASE PENDING ARBITRATION**<br><br>Re: Dkt. Nos. 6, 24 |

  This order assumes the reader's familiarity with the facts of the case, the relevant law, the parties' arguments, and the transcript of the hearing.

  As discussed more fully at the hearing, the underlying dispute—whether the noncompete and nonsolicitation clauses in Coon's employment contract are void under California law—appears to be covered by the arbitration provision. Moreover, it does not appear that the contract permits the plaintiffs to seek interim relief in court on the question of whether the clauses are void under California law, because the relief sought would not "enforce or prevent any violations of the provisions" of the contract. But those questions are for the arbitrator in the first instance, because the agreement gives the arbitrator exclusive authority "to resolve any dispute relating to the interpretation, applicability, enforceability, and/or formation" of the agreement, and to resolve "any dispute as to whether a particular claim is subject to arbitration." *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69-70 (2010). Accordingly, the plaintiffs' motion for a temporary restraining order is denied, and the defendant's motion to stay the case is granted pending a decision by the arbitrator as to the arbitrability of the request for interim relief that the plaintiffs have made here.

Even if the Court were to rule on the plaintiffs' motion for a temporary restraining order, on this record, the motion would easily be denied. Among other things, the plaintiffs have not adequately articulated what sort of interim relief they seek. They say they seek a ruling invalidating the disputed contractual provisions under California law and preventing WSP from enforcing them. But that's not a request for interim relief—it's a request for a permanent injunction to be issued on an emergency basis, which is obviously inappropriate. The plaintiffs also say they want an injunction to prevent the arbitration from happening. That's not interim relief either. And in any event, the plaintiffs have not even contended (except perhaps in a vague passing comment at the hearing) that the arbitration agreement is invalid, or the arbitrator lacks the authority to adjudicate the underlying dispute, so how could it possibly be appropriate for a court to enjoin the arbitration? In the unlikely event the plaintiffs are permitted to return to this Court to seek some form of interim relief following the arbitrator's ruling on the delegation issue, they would need to make a far more coherent request for interim relief and do a much better job of supporting that request in their papers.

The parties are ordered to file status reports every 90 days. In the event the arbitrator rules that the plaintiffs' request for interim relief is subject to arbitration, it appears that a stay will no longer be necessary, and the case can be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: February 26, 2024

_____
VINCE CHHABRIA
United States District Judge